UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ERIC D. SMITH, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | CAUSE NO. 3:07-CV-152 RM |
| ) | |
| WILLIAM K. WILSON, ) | |
| ) | |
| Respondent ) | |

## OPINION AND ORDER

Eric D. Smith, a *pro se* prisoner, filed a notice of appeal and a motion to reconsider which the court construes pursuant to FED. R. CIV. P. 59. Mr. Smith states that he did exhaust his claims. He states that after he completed the appeal process to the Superintendent and the Final Reviewing Authority, he returned years later to file a second round of appeals which he characterizes as being in the nature of post-conviction relief. This habeas corpus case challenges a prison disciplinary proceeding; the State of Indiana does not afford anything analogous to the conviction post-conviction relief process for prison disciplinary proceedings. There is only one way to challenge the finding of a Disciplinary Hearing Board: one direct appeal.

"A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." Lewis v. Sternes, 390 F.3d 1019, 1026 (7th Cir. 2004) (emphasis added). Though Mr. Smith tried to present his claims to the state, his late "post-conviction" type appeal, that attempt was not proper, so he did not exhaust them. The statute requires a "properly

asserted" claim. Petitioners may not invent their own procedures so that they can claim exhaustion. As such, the claims were properly found to be procedurally defaulted.

Mr. Smith next states that, "the claims are not subject to procedural default because the petition demonstrates that the factual or legal basis for the claim was not reasonably available . . . ." Motion at 3. In support of this proposition he cites to Murray v. Carrier, 477 U.S. 478, 488 (1986). The Murray Court said, "we think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." (emphasis added). As this court has already explained, mental illness has been held to not be external to the defense. *Harris v. McAdory*, 334 F.3d 665, 670 (7th Cir. 2003). Therefore his claims are defaulted because he did not exhaust them.

Then Mr. Smith states that he thinks that a DHB member could have found him not guilty because of mental illness. The court has already addressed this claim.

> In order to show . . . that a miscarriage of justice would result if habeas relief is foreclosed, the petitioner must show that he is actually innocent of the offense for which he was convicted, *i.e.*, that no reasonable juror would have found him guilty of the crime but for the error(s) he attributes to the state court.

Lewis v. Sternes, 390 F.3d 1019, 1026 (7th Cir. 2004). In this case, with no jury, the question applies equally to DHB members. Though Mr. Smith argues that the state standard requires guilt by a preponderance of the evidence, federal habeas review only requires some evidence. Superintendent v. Hill, 472 U.S. 445 (1985). Mr. Smith's attempt to have this

2

court apply a heightened burden of proof to the charges against him does nothing to undermine its prior finding based upon the correct standard.

Mr. Smith has filed a notice of appeal. He did not file an application to proceed *in forma pauperis*, but "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). This appeal is not taken in good faith for the reasons previously stated in both this opinion and in this court's order denying habeas corpus relief. Therefore he may not proceed *in forma pauperis* on appeal.

For the foregoing reasons, the court:

(1) DENIES the motion to reconsider (docket # 5); and

(2) DENIES leave to proceed on appeal *in forma pauperis* because the appeal is not taken in good faith.

SO ORDERED.

ENTERED: May  18 , 2007

                                                  /s/ Robert L. Miller, Jr.
Chief Judge
United State District Court